CROWLEY MARINE SERVICES INC., a Delaware corporation, Plaintiff—Appellant,

v.

MARITRANS INC, a Delaware corporation; Maritrans Transportation Inc, a Delaware corporation; Maritrans Operating Company LP, a Delaware Limited partnership; Maritrans General Partner Inc, a Delaware corporation, Defendants—Appellees.

No. 04–35724.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2005.

Filed May 8, 2006.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

See also 447 F.3d 719.

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

Vincent R. Larson, Esq., Daniel J. Gunter, Esq., Riddell Williams, PS, Seattle, WA, for Plaintiff–Appellant.

Marc E. Warner, Esq., Legros, Buchanan & Paul, Seattle, WA, for Defendants–Appellees.

Before: CUDAHY,* T.G. NELSON, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Crowley Marine Services, Inc. appeals the district court's finding that its tug was 75% at fault for a maritime collision during a pre-arranged escort operation of Maritrans Inc.'s tanker. Crowley raises three issues on appeal. First, Crowley disputes the district court's finding that two of the International Regulations for Preventing Collisions at Sea, Oct. 20, 1972, 28 U.S.T. 3459, T.I.A.S. 8487, *adopted by statute at* 33 U.S.C. § 1602 ("COLREGS"), did not apply to Maritrans because of its participation in a pre-arranged escort plan with Crowley. Crowley's claims with respect to the district court's application of the COLREGS are addressed in a published opinion filed concurrently with this memorandum disposition. Crowley also argues that the court applied the wrong standard of care and improperly admitted evidence.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the last two issues in this memorandum disposition.

■ The district court applied the proper standard of care. Crowley knew or reasonably should have known of Captain Nekeferoff's serious medical and alcohol problems. Those problems clearly indicated that Nekeferoff might have problems as a captain of a vessel. Under general negligence principles, Crowley thus had a duty to conduct a further inquiry before allowing Nekeferoff to captain its tug. *See Crisman v. Pierce County Fire Prot. Dist. No. 21,* 115 Wash.App. 16, 60 P.3d 652, 654 (2002).[1]

■ The district court did not abuse its discretion by admitting evidence regarding Captain Nekeferoff's medical and alcohol problems. *Cf. Madeja v. Olympic Packers, LLC,* 310 F.3d 628, 635 (9th Cir.2002). The evidence was relevant because the district court determined that an episode related to Captain Nekeferoff's medical history and alcohol problems contributed to the collision. *Cf.* Fed.R.Evid. 401.

■ Nor did the district court abuse its discretion by admitting the testimony of Maritrans' expert on hydrodynamics, Dr. Browne. *Cf. Madeja,* 310 F.3d at 635. Dr. Browne's testimony was adequately supported by testing that simulated the tugs and the tanker in conditions similar to those on the night of the collision. Dr. Browne had no duty to test Crowley's version of how the vessels came into contact. Admission of the evidence was well within the court's discretion. Once admitted, it was up to the court as the factfinder to accord the evidence the appropriate weight. *Cf. Humetrix, Inc. v. Gemplus S.C.A.,* 268 F.3d 910, 919 (9th Cir. 2001) ("Authority to determine the victor in ... a 'battle of expert witnesses' is properly reposed in the jury"). This Court affirms the district court's application of the standard of care, its admission of evidence regarding Captain Nekeferoff's problems, and its admission of the testimony of Maritrans' expert.

**AFFIRMED.**

---

1. *Exxon Co., U.S.A. v. Sofec, Inc.,* 517 U.S. 830, 839, 116 S.Ct. 1813, 135 L.Ed.2d 113 (1996) ("In ruling upon whether a defendant's blameworthy act was sufficiently related to the resulting harm to warrant imposing liability for that harm on the defendant, courts sitting in admiralty may draw guidance from ... the extensive body of state law applying proximate causation requirements and from treatises and other scholarly sources.").